IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:23cr130-MHT |
| | ) | (WO) |
| **DENZEL McCALL** | ) | |

ORDER

This cause is before the court on defendant Denzel McCall and the government's joint motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for June 17, 2024, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared

>   before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on a "delay resulting from any pretrial motion," § 3161(h)(1)(D), and any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McCall in a speedy trial.

2

On April 23, 2024, McCall filed a motion to suppress evidence obtained during his arrest. A hearing has been scheduled before the United States Magistrate Judge. The parties represent that the hearing is currently being rescheduled and will not occur before the week of May 20, 2024, about one month before the June 17 trial term. The parties state that the pending motion to suppress may not be resolved until the plea deadline and certain trial deadlines have passed. A continuance is warranted to account for the delay in resolving the pending motion to suppress and ensure that the parties have enough time to prepare for trial once that motion has been resolved. Moreover, the court does not detect any lack of due diligence on the part of McCall's counsel or counsel for the government.

***

Accordingly, it is ORDERED as follows:

(1) The joint motion to continue trial (Doc. 42) is granted.

(2) The jury selection and trial, now set for June 17, 2024, are reset for July 15, 2024, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 29th day of April, 2024.

                               /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE